UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMANDA U. AJULUCHUKU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0348 (EGS) |
| ) | Document Nos. 5, 8, 9, 22 |
| SPECIAL OLYMPICS INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Plaintiff alleges that defendant discriminated against her based on disability when it terminated her on May 30, 2000, although it is unclear if plaintiff was ever employed by defendant. Accepting that she was an employee, defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Upon consideration of the parties' submissions and the entire record, the motion will be granted and the case dismissed.

Plaintiff invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Before suing under either Act, an aggrieved employee must exhaust administrative remedies. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (Title VII); 42 U.S.C. § 12117(a) (ADA incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e- 5). "Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction." *Artis v. Greenspan*, 223 F. Supp.2d 149, 152 (D.D.C. 2002). Plaintiff does not allege that she exhausted administrative remedies and does not rebut defendant's claim to the contrary.

In addition to the federal claim, plaintiff alleges that she was falsely imprisoned during a meeting with defendant in January 2002. Under District of Columbia law, applicable here, plaintiff had one year to bring this claim. *See* D.C. Code § 12-301(4). She is two years' late.

For the preceding reasons, defendant's motion to dismiss is granted. A separate Order accompanies this Memorandum Opinion.

```
                                    SIGNED:     EMMET G. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE
DATE: February 10, 2006
```